## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

STACEY GALPERIN,    )
MIRIAM ROCEK, HANNAH  )
SHAFFER, HEIDI SHAFFER,  )
and MARLENE DEVONSHIRE, )
as the Natural Guardian of MD, )
a minor          )
            )
    Plaintiffs,    )
            )
  v.         )  C. A. No. 06-359-GMS
            )
DELAWARE STATE POLICE  )
SERGEANT MARK DIJIACOMO )
and JANE DOE      )
            )
    Defendants.   )

## ANSWER OF MARK DIJIACOMO

1. The allegations as to Sergeant Mark DiJiacomo (hereinafter "Sgt. DiJiacomo") are denied, as to each and every particular.

2. To the extent that any of the allegations are directed at the conduct of DiJiacomo, they are denied, to each and every particular.

3. Denied that the plaintiffs are entitled to any relief as against Sgt. DiJiacomo.  No one was arrested by DiJiacomo.  DiJiacomo made no unlawful threats

4. Admitted, by information and belief.

5.    Admitted, by information and belief.

6.    Admitted, by information and belief.

7.    Admitted, by information and belief.

8.    Admitted, by information and belief, as to Devonshire.  The defendant is without sufficient information or knowledge to respond as to "MD".

9.    Admitted.

10.    Admitted.  By way of further answer, the defendant is aware of two such individuals who acted in such capacity, but is unaware of their names.

11.    Denied that any such rights of the plaintiffs were abridged or violated by Sgt. DiJiacomo.  Jurisdiction is admitted.

12.    Admitted.

13.    Admitted.

14.    Denied as alleged.  The appearance was for the purpose of a book-signing by the author.  Admitted that the book-signing took place during the regular hours of operation of the store.  The balance of the averment is denied.

15.    Admitted.

16.     Denied as alleged.  Admitted only that the public was invited to participate in the book-signing, subject to the conditions agreed upon by the Senator's staff and the bookstore manager.

17.     Denied as alleged.  Admitted only that the event was presented as a book-signing, with the format determined by Barnes & Noble in conjunction with the Senator's staff.

18.     Denied.

19.     Denied as alleged.  Sergeant DiJiacomo was retained through the Delaware State Police by Barnes & Noble to assist in handling security at the book-signing event, and appeared in full uniform.

20.     Denied as alleged.  Sgt. DiJiacomo was compensated by a third party under contract with the Delaware State Police.  Sgt. DiJiacomo appeared in uniform appropriate to his rank, and retained his authority as a police officer.

21.     Denied as alleged.  Admitted only that the plaintiffs and others arrived at the Barnes & Noble bookstore prior to the Senator's arrival.  The answering defendant is without knowledge as to their intentions.  Denied that the event involved remarks by the Senator or a question/answer period or a "discussion phase", per the arrangements made by the bookstore manager in conjunction with the Senator's staff.

22.     The answering defendant is without sufficient information or knowledge to respond as to the nature of any discussions between or among the plaintiffs themselves.

23.     Denied as alleged.  Admitted only that two female members of the Senator's staff expressed concern to Sgt. DiJiacomo over the potential for disruption of the event, and these individuals then conferred with the manager of the bookstore.  Sergeant DiJiacomo is without knowledge or information as to the nature of any conversations among the plaintiffs overheard by others.

24.     Denied as alleged.  The plaintiffs appeared to be upset and angry when advised of the conditions agreed upon by the bookstore manager and the Senator's staff for the book-signing.  The plaintiffs did cooperate with Sgt. DiJiacomo at all times, and treated him with respect and civility. The defendant is without knowledge as to their conduct at all times.  By information and belief, some or all of the plaintiffs were talking loudly in the bookstore, blocking the aisle, and threatening to disrupt the proceedings. When the bookstore manager explained the rules for the book-signing, the plaintiffs refused to comply.

25.     The defendant has no recollection, information, or knowledge as to what the plaintiffs were wearing.

26.     Denied as alleged.  Admitted only that the two females who identified themselves to Sgt. DiJiacomo as members of the Senator's staff did not appear to work for Barnes & Noble.  When the two female members of the Senator's staff expressed concerns over disruption of the event, DiJiacomo advised them to speak with the bookstore manager.  Upon being advised by the manager of the rules for the book-signing, the plaintiffs refused to comply.  The manager then approached Sgt. DiJiacomo and asked him to remove the disruptive subjects from the store because their behavior was disturbing customers in the store.

27.     Denied.

28.     Denied as alleged.  Admitted only that Sgt. DiJiacomo approached the disruptive individuals, along with the bookstore manager and the two representatives of the Senator.  Further admitted that Sgt. DiJiacomo explained to the plaintiffs that the manager of the bookstore had requested that they leave, due to their refusal to cooperate and complaints to the manager about their behavior.  Sergeant DiJiacomo gave the plaintiffs the option of leaving, in order to avoid being arrested.

29.     Denied as alleged.  At no time did Sgt. DiJiacomo threaten anyone.  Admitted only that, when two of the plaintiffs stated that they wanted to be arrested, Sgt. DiJiacomo explained the arrest and booking

process, and asked them to reconsider their decision.  He asked them to accompany him outside the store, and allowed the plaintiff Galperin to call her father.  Sgt. DiJiacomo then spoke to the plaintiff's father, a lawyer, who advised that he did not want his daughter to be arrested.  Sgt. DiJiacomo relayed this information to the two plaintiffs, and they agreed to leave.

30.     Denied as alleged.  Admitted only that DiJiacomo advised the plaintiffs of the potential consequences of an arrest.  The balance of the averment is denied.

31.     Denied.

32.     Denied.  By way of further answer, it was the manager of the Barnes & Noble bookstore who asked Sgt. DiJiacomo to remove the plaintiffs, due to their refusal to cooperate and their disruptive behavior.

33.     Denied.  By way of further answer, the bookstore manager pleaded with the plaintiffs not to cause a disturbance.

34.     Denied as alleged.  The plaintiffs left the premises after being advised by Sgt. DiJiacomo that they would be subject to arrest if they refused to cooperate with the bookstore manager and disrupted the proceedings.

35.     Denied as alleged.  Admitted only that the plaintiffs Galperin and Rocek argued with Sgt. DiJiacomo about leaving, questioned whether

the bookstore was private property, and challenged the manager's request that they leave. Further admitted that, when the plaintiffs Galperin and Rocek stated that they wanted to be arrested, Sgt. DiJiacomo explained the arrest and booking process, and asked them to reconsider their decision. He asked them to accompany him outside the store, and allowed the plaintiff Galperin to call her father. Sergeant DiJiacomo then spoke to the plaintiff's father, a lawyer, who advised that he did not want his daughter to be arrested. Sergeant DiJiacomo relayed this information to the two plaintiffs, and they agreed to leave. No one was arrested.

36.    Denied as alleged. Admitted only that Sgt. DiJiacomo requested identification from the plaintiff Galperin, and she produced it.

37.    Denied.

38.    Denied.

39.    Denied as alleged. Admitted only that Sgt. DiJiacomo requested identification from the plaintiff Rocek, and she produced it.

40.    Denied.

41.    Denied.

42.    Denied.

43.     Denied as alleged.  Admitted only that Sgt. DiJiacomo permitted the plaintiff to call her father, and was aware that Mr. Galperin was a lawyer.

44.     Denied as alleged.  Admitted that Sgt. DiJiacomo spoke with the plaintiff's father, a lawyer, who advised that he did not want his daughter to be arrested.  Sgt. DiJiacomo relayed this information to the two plaintiffs, and they agreed to leave. The balance of the averment is denied.

45.     Denied.

46.     Denied.

47.     Denied as alleged.  Admitted only that Sgt. Galperin had no discussion with the management of Concord Mall concerning the event at the Barnes & Noble bookstore.  The balance of the averment is denied.

48.     Denied as alleged.  The plaintiffs were not arrested.  At no time were they told they were under arrest.  The plaintiffs ultimately chose to avoid arrest, after consultation with an attorney.  The plaintiffs acted voluntarily.  The balance of the averment is denied.

49.     Denied as alleged.  The plaintiffs were not arrested.  At no time were they told they were under arrrest.  The plaintiffs ultimately chose to avoid arrest, after consultation with an attorney.  The plaintiffs acted

voluntarily.  The defendant has no information or knowledge as to the plaintiffs' beliefs, other than what they expressed to him in conversation.

50.    Admitted by information and belief.

51.    The first sentence is admitted.  The answering defendant is without knowledge or recollection as to the balance of the averment.

52.    Denied as alleged.  Admitted only that Ms. Shaffer exited her vehicle and approached Sgt. DiJiacomo to ask what was happening.  The two had a conversation outside the front of the bookstore.  The balance of the averment is denied.

53.    Denied as alleged.  Admitted only that, before speaking with Ms. Shaffer, Sgt. DiJiacomo had observed several individuals in the parking lot outside the bookstore adjacent to vehicles that did not belong to them.

54.    Denied as alleged.  Admitted only that Sgt. DiJiacomo asked the individuals in the parking lot by the vehicles to wait on the sidewalk.  These subjects became argumentative and refused to leave.

55.    Denied as alleged.  Admitted only that, after further argument, the individuals in the parking lot walked over toward the vehicle driven by Ms. Shaffer.

56.    Denied.  By way of further answer, Sgt. DiJiacomo pleaded with the individuals to leave the parking lot and to wait on the sidewalk.

57.    Denied as alleged.  Admitted only that the individuals eventually left the parking lot and walked over to Ms. Shaffer.  Sgt. DiJiacomo then followed the individuals over to Ms. Shaffer's vehicle.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied as alleged.  Admitted only that the plaintiffs were unable to remain in the store because they refused to comply with the format established by the Senator's staff and implemented by the bookstore manager for the book-signing, and because they threatened to disrupt the event.

64.    Denied as alleged.  Sergeant DiJiacomo allowed Ms. Shaffer to enter the store, and asked her to please not disrupt the event.  Ms. Shaffer agreed and apologized for what had happened with the kids.  Sergeant DiJiacomo further allowed Ms. Shaffer, at her request, to speak with an aide to the Senator.  Ms. Shaffer spoke to the aide and then walked over toward the Senator and glared at him.  As she walked away, she stated "It's a shame that you can't talk with an elected official" in a loud voice.  She thanked Sgt.

DiJiacomo for allowing her to approach the Senator and again apologized for what had happened earlier.

    65.    Denied.

    66.    Admitted.

## AFFIRMATIVE DEFENSES

    67.    The Complaint fails to state a claim against Sgt. DiJiacomo upon which relief can be granted by this Court.

    68.    Sergeant DiJiacomo is immune from suit for actions taken in his official capacity.

    69.    Sergeant DiJiacomo enjoys qualified immunity from suit for actions taken in his official capacity.

    70.    Any harm sustained by the plaintiffs was result of the acts and omissions of individuals other than Sgt. DiJiacomo, for whom Sgt. DiJiacomo is not responsible, to wit:  the Barnes & Noble bookstore manager and the two representatives of the Senator.

    WHEREFORE, the defendant asks that the Complaint be dismissed as to Sgt. DiJiacomo, with all costs and fees payable by the plaintiffs.

            /s/ Ralph K. Durstein III
            Ralph K. Durstein III (ID# 912)
            Deputy Attorney General
            Department of Justice
            State of Delaware
            820 N. French Street
            Wilmington, DE 19801
            (302)577-8510

Dated: June 30, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

I hereby certify that on June 30, 2006, I electronically filed the

ANSWER OF MARK DIJIACOMO with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

**NAME AND ADDRESS OF RECIPIENT(S):**

Norman M. Monhait, Esquire
Rosenthal Monhait & Goddess, P.A.
P.O. Box 1070
Wilmington, DE 19899-1070

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

   /s/ Ralph K. Durstein III   
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8510
Attorney for Defendant
Delaware State Police Sergeant
Mark DiJiacomo