ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

September 6, 2006

**VIA EMAIL AND BY HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, Delaware 19801

> Re: **Galperin v. DiJiacomo**
> **D. Del., Civil Action No. 06-359 (GMS)**

Dear Judge Sleet:

I enclose for Your Honor's convenience a paper copy of the Rule 16 Scheduling Order counsel have prepared based on last week's conference with the Court. The proposed order has been filed electronically.

Respectfully,

Norman M. Monhait (#1040)

NMM:mst
Enclosure

cc:   Ralph K. Durstein III, Esquire (By electronic filing)
      Gordon A. Einhorn, Esquire (By electronic filing)
      Mary Catherine Roper, Esquire (By electronic filing)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STACEY GALPERIN, MIRIAM ROCEK, HANNAH SHAFFER, HEIDI SHAFFER, and MARLENE DEVONSHIRE, as the Natural Guardian of MD, a minor | : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No.:  06-359 (GMS) |
| DELAWARE STATE POLICE SERGEANT MARK DIJIACOMO, and JANE DOE | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## <u>RULE 16 SCHEDULING ORDER</u>

This _____ day of September, 2006, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(b) on August 30, 2006, and the

parties having determined after discussion that the above captioned matters cannot be resolved at

this juncture by settlement, voluntary mediation or binding arbitration;

**IT IS SO ORDERED** that:

1.      **<u>Rule 26(a) Initial Disclosures</u>**.  Unless otherwise agreed to be the parties, they

shall make their initial disclosures pursuant to Fed. R. Civ. P. 26(a) on or before September 13,

2006.

2.      **<u>Joinder of other Parties and Amendment of Pleadings</u>**.  All motions to join

other parties and amend the pleadings shall be filed on or before October 31, 2006.

3.      **<u>Discovery</u>**.  All discovery in this case shall be initiated so that it will be

completed on or before February 28, 2007.

(a)  **Expert Witnesses.**  Expert reports are due by February 23, 2007.  Rebuttal reports are due by March 23, 2007.

(b)  **Discovery Matters.**  Should counsel find that they are unable to resolve a discovery matter, the party seeking relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

4.  **Confidential Information and Papers Filed Under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 30 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.     **Settlement Conference**.  Pursuant to 28 U.S.C. §636, these matters are referred to the United States Magistrate for the purpose of exploring the possibility of settlement.

6.     **Status/Settlement Conference.**  On _____, the Court will hold a conference by telephone with counsel beginning at _____ .m. to discuss the progress of efforts to settle these disputes.  Plaintiff's counsel shall initiate the telephone call.

If no efforts have been made or those efforts have to date been unsuccessful, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court with counsel and their clients.

7.     **Case Dispositive Motions**.  All case dispositive motions and opening briefs and affidavits, if any, in support of these motions shall be served and filed on or before March 14, 2007.  Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.

8.     **Applications by Motion**.  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.     **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

10.     **Pretrial Conference**.  On July 10, 2007, the Court will hold a Pretrial Conference in Chambers with counsel at 11:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Fed. R.

Civ. P. 26(a)(3).  Thirty (30) days before the joint proposed pretrial order is due, plaintiff's

counsel shall forward to defendant's counsel a draft of the pretrial order containing the

information plaintiff proposed to include in the draft.  Defendant's counsel shall, in turn, provide

to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant

proposes to include in the proposed pretrial order.  Motions in limine:  No party shall file more

than ten (10) motions in limine.  Briefs (opening, answering and reply) on all motions in limine

shall be filed by June 18, 2007.  Opening and answering briefs shall not exceed five (5) pages

and reply briefs shall not exceed three (3) pages.  The parties shall file with the court the joint

proposed final pretrial order with the information required by the form of Final Pretrial Order

which accompanies this Scheduling Order on or before June 18, 2007.

     11.    **Trial**.  Trial is scheduled for a 4 day jury trial, beginning at 9:00 a.m. on July 30,

2007.

     12.    **Scheduling**.  The parties shall direct and requests or questions regarding the

scheduling and management of this matter to Chambers at (302) 573-6470.


Date:_____        _____

                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


**FINAL PRETRIAL ORDER**


This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and [insert name, address and telephone number] having appeared as counsel for plaintiff(s) and [insert name, address and telephone number] having appeared as counsel for defendant(s), the following actions were taken:

(1)     This is an action for [insert nature of action, e.g., breach of contract, personal injury] and the jurisdiction of the court is involved under [insert citation of statute on which jurisdiction is based]. Jurisdiction is (not) disputed[1].

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order.

    (a)     a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the court or any party)[2];

---

[1]     In diversity cases or other cases requiring a jurisdictional amount in controversy, the Order shall contain either a stipulation that $75,000 is involved or a brief written statement citing evidence supporting the claim that such sum could reasonably be awarded.

[2]     Counsel for plaintiff has the responsibility to prepare the initial draft of a proposed stipulation dealing with allegations in the complaint. Counsel for any counter-, cross- or third-party complainant has the same responsibility to prepare a stipulation dealing with allegations in that party's complaints. If the admissibility of any uncontested fact is challenged, the party objecting and the grounds for objection must be stated.

1

(b)    an agreed statement or statements by each party of the contested issues of fact and

law and a statement or statements of contested issues of fact or law not agreed to;

(c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule

(c) of;

(1)    all exhibits (all exhibits shall be marked for identification before trial),

including documents, summaries, charts and other items expected to be

offered in evidence and

(2)    any demonstrative evidence and experiments to be offered during trial[3];

(d)    a list or lists of names and addresses of the potential witnesses to be called by each

party, with a statement of any objections to calling, or to the qualifications of, any

witness identified on the list[4];

(e)    stipulations or statements setting forth the qualifications of each expert witnesses in

---

[3]    Items not listed will not be admitted unless good cause is shown.  Cumulative documents, particularly x-rays and photos, shall be omitted.  Duplicate exhibits shall not be scheduled by different parties, but may be offered as joint exhibits.  All parties shall stipulate to the authenticity of exhibits whenever possible, and this Order shall identify any exhibits whose authenticity has not been stipulated to and specific reasons for the party's failure so to stipulate. As the attached Schedule (c) indicates, non-objected-to exhibits are received in evidence by operation of this Order, without any need for further foundation testimony.  Copies of exhibits shall be made available to opposing counsel and a bench book of exhibits shall be prepared and delivered to the court at the start of the trial unless excused by the court.  If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, sufficient copies of such exhibits must be made available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

[4]    Each party shall indicate which witnesses *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only.  Any witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.

2

such form that the statement can be read to the jury at the time the expert witness

takes the stand[5];

(f)    a list of all depositions, or portions thereof, to be read into evidence and statements

of any objections thereto[6];

(g)    an itemized statement of special damages;

(h)    waivers of any claims or defenses that have been abandoned by any party;

(i)    for a jury trial, each party shall provide the following:

(i)    trial briefs except as otherwise ordered by the court[7];

---

[5]    Only one expert witness on each subject for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject matter of each expert's testimony shall be specified.

[6]    If any party objects to the admissibility of any portion, both the name of the party objecting and the grounds shall be stated. Additionally, the parties shall be prepared to present to the court, at such time as directed to do so, a copy of all relevant portions of the deposition transcript to assist the court in ruling *in limine* on the objection. All irrelevant and redundant material including all colloquy between counsel shall be eliminated when the deposition is read at trial. If a video deposition is proposed to be used, opposing counsel must be so advised sufficiently before trial to permit any objections to be made and ruled on by the court and to allow objectionable material to be edited out of the film before trial. If good cause is shown as to why objections to portions of a video tape deposition could not be made sufficiently before trial to permit the court to rule, objections shall be handled by a procedure prescribed by the court in accordance with D.Del. LR 30.4(e). Video tape depositions shall otherwise be handled at trial in accordance with D.Del. LR 30.4(d).

[7]    No party's trial brief shall exceed 15 pages without prior approval of the court. Trial briefs are intended to provide full and complete disclosure of the parties' respective theories of the case. Accordingly, each trial brief shall include statements of:
(a)    the nature of the case,
(b)    the contested facts the party expects the evidence will establish,
(c)    the party's theory of liability or defense based on those facts and the uncontested facts,
(d)    the party's theory of damages or other relief in the event liability is established, and
(e)    the party's theory of any anticipated motion for directed verdict.
The brief shall also include citations of authorities in support of each theory stated

3

(ii)     three sets of marked proposed jury instructions, verdict forms, and special interrogatories, if any[8]; and

(iii)    a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a) and D.Del. LR 47.1(a)[9];

(j)     for a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate[10];

(k)     a statement summarizing the history and status of settlement negotiations, indicating

---

in the brief.  Any theory of liability or defense that is not expressed in a party's trial brief will be deemed waived.

[8]      When this Order is filed, it shall be the responsibility of counsel for the plaintiff to file with the Clerk, in triplicate <u>and</u> on diskette, joint instructions <u>with</u> objections (i.e., the parties shall submit three separate, stapled copies of a single set of proposed jury instructions which shall include either side's objections to any given instruction along with their proposed instruction directly on the page following the instruction to which there is an objection).  Prior to this submission, counsel must confer and make every reasonable effort to resolve objections and to submit agreed upon proposed jury instructions.  The joint instructions shall contain a table of contents.  Each proposed jury instruction shall carry a descriptive title.  Each instruction shall be numbered in such a way as to identify which party is the proponent or whether it has been submitted jointly.  All instructions, including objections, shall be in writing and include citations of supporting authorities.  Failure to object may constitute waiver of any objection.

At the time of trial, counsel for the plaintiff shall submit an unmarked original set of instructions, verdict sheet, and any special interrogatories to the court in triplicate; to be sent to the jury room after being read to the jury.  Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions.

[9]      Special voir dire questions shall be filed in triplicate and on diskette along with this Order but shall otherwise be filed in accordance with D.Del. LR 47.1(a).

[10]     These shall be separately stated in separately numbered paragraphs.  Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove. They should not be in formal language, but should be in simple narrative form.  Conclusions of Law should contain concise statements of the meaning or intent of the legal theories set forth by counsel.

4

whether further negotiations are ongoing and likely to be productive;

(l)      a statement that each party has completed discovery, including the depositions of

expert witnesses (unless the court has previously ordered otherwise).  Absent good

cause shown, no further discovery shall be permitted[11]; and

(m)     motions *in limine*: **No party shall file more than ten (10) motions in limine**

**without prior approval of the court.  Briefs (opening, answering, and reply) on**

**all such motions shall be due at the time of the filing of this Pretrial Order.**

**Opening and answering briefs shall not exceed five (5) pages and reply briefs**

**shall not exceed three (3) pages.  The parties should submit an original and two**

**(2) copies.**

(3)     Trial of this case is expected to take [insert the number of days estimated at the Rule 16

conference and the assigned trial date] days.

(4)     [Indicate the type of trial by placing an X in the appropriate box]

Jury     ☐           Non-jury     ☐

(5)     The parties recommend that [indicate the number of jurors recommended] jurors be selected

at the commencement of the trial.

(6)     This Order will control the course of the trial and may not be amended except by consent of

the parties and the court, or by order of the court to prevent manifest injustice.

(7)     Possibility of settlement of this case was considered by the parties.

---

[11]     If this is a case in which (contrary to the normal requirements) discovery has not
been completed, this Order shall state what discovery remains to be completed by each party.

5

_____
United States District Judge

Date:_____

_____
Attorney for Plaintiff

_____
Attorney for Defendant

6

Schedule (c)

Exhibits[1]

1.    The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

    [State identification number and brief description of each exhibit.]

2.    The following exhibits were offered by plaintiff and marked for identification. Defendant(s) objected to their receipt in evidence on the grounds stated[2]:

    [State identification number and brief description of each exhibit.  Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon.  Also state briefly plaintiff('s)(s') response to the objection, with reference to Fed.R.Evid. relied upon.]

3.    The following exhibits were offered by defendant(s), received in evidence and marked as indicated:

    [State identification number and brief description of each exhibit.]

4.    The following exhibits were offered by defendant(s) and marked for identification. Plaintiff(s) objected to their receipt in evidence on the grounds stated[3]:

    [State identification number and brief description of each exhibit.  Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon.  Also state briefly defendant's response to the objection, with reference to Fed.R.Evid. relied upon.]

---

[1]    As in the Final Pretrial Order form, references to "plaintiff" and "defendant" are intended to cover those instances where there are more than one of either.

[2]    Copies of objected-to exhibits should be delivered to the court with this Order, to permit rulings *in limine* where possible.

[3]    See footnote 2 of this Schedule.