IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
STACEY GALPERIN, MIRIAM ROCEK, :
HANNAH SHAFFER, HEIDI SHAFFER, :
and MARLENE DEVONSHIRE, as the :
Natural Guardian of MEGHAN DEVONSHIRE :
:
    Plaintiffs, :
 v. :  Civil Action No. 06-359 (GMS)
:
DELAWARE STATE POLICE :
SERGEANT MARK DIJIACOMO, and :  JURY TRIAL DEMANDED
JANE DOE, :
:
    Defendants. :
---------------------------------------------------------------x

**NOTICE OF DEPOSITION**

TO: Ralph K. Durstein III, Esquire
   Deputy Attorney General
   Carvel State Office Building
   820 N. French Street, 6th Floor
   Wilmington, Delaware 19801

**PLEASE TAKE NOTICE** that plaintiffs will take the deposition upon oral examination of Amanda Winnington on October 12, 2006 at 10:00 a.m., at the offices of Rosenthal Monhait & Goddess, P.A., 919 Market Street, Suite 1401, Citizens Bank Center, Wilmington, Delaware 19899, before an officer authorized by law to administer oaths. Testimony shall be recorded by stenographic means.

  A copy of the subpoena served on Ms. Winnington is attached (the date of the deposition has been changed subsequent to service).

  The deposition shall continue from day to day until completed. You are invited to attend and participate.

ROSENTHAL, MONHAIT & GODDESS, P.A.

By: /s/ Norman M. Monhait
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
   Email: nmonhait@rmgglaw.com

HANGLEY ARONCHICK SEGAL & PUDLIN
Gordon A. Einhorn (Admitted *pro hac vice*)
Paul W. Kaufman (Admitted *pro hac vice*)
30 N. Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
   Attorneys for Plaintiffs

OF COUNSEL:

AMERICAN CIVIL LIBERTIES UNION
   OF PENNSYLVANIA
Mary Catherine Roper (Pro Hac Vice Pending)
P.O. Box 40008
Philadelphia, PA 19106

Witold Walczak
313 Atwood Street
Pittsburgh, PA 15213

Seith Kreiner
3400 Chestnut Street
Philadelphia, PA 19104

AMERICAN CIVIL LIBERTIES UNION
   OF DELAWARE
Julia Graff (#4708)
100 W. 10th Street, Suite 309
Wilmington, Delaware 19801


October 6, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of October, 2006, a copy of the **Notice Of Deposition** was served, by electronic filing, upon:

>Ralph K. Durstein III, Esquire
>Deputy Attorney General
>Carvel State Office Building
>820 N. French Street, 6th Floor
>Wilmington, Delaware 19801

_____
Norman M. Monhait (#1040)

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the
# United States District Court
### DISTRICT OF DELAWARE

| | |
|---|---|
| Stacy Galperin, et al<br>*Plaintiff,*<br>v.<br>Delaware State Police, et al.,<br>*Defendants.* | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: 06-359 (GMS) |

To:  Amanda Winnington
     Community Relations Manager
     Barnes & Noble
     Concord Mall
     4801 Concord Pike
     Wilmington, DE 19803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rosenthal, Monhait & Goddess, P.A., 919 Market St., Suite 1401, P.O. Box 1070, Wilmington, DE 19899 | October 9, 2006<br>10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>Paul W. Kaufman, Attorney for Plaintiff | Date<br>September 14, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Paul W. Kaufman, Esquire
Hangley Aronchick Segal & Pudlin, One Logan Square, 27th Floor, Philadelphia, PA 19103-6933 (Phone: 215-496-7062)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                        DATE                                            SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, or

(iv) the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.