ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

January 30, 2007

**BY ELECTRONIC FILING**
**AND BY HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, Delaware 19801

> Re:   **Galperin v. DiJiacomo**
>        **D. Del., Civil Action No. 06-359 (GMS)**

Dear Judge Sleet:

I write to request the Court's guidance as to a scheduling difficulty which has arisen.

Your Honor may recall that the claims in this action arise out of events in connection with a book signing and discussion by former Senator Rick Santorum at the Barnes & Noble on Concord Pike on August 10, 2005. Plaintiffs contend that they were threatened with arrest and ejected from the event in violation of their Constitutional rights. The initial complaint in this matter named a Jane Doe defendant, a person unknown to plaintiffs but whom they had observed to have involvement in the decision to eject them and whom they believe to have been affiliated in some manner with former Senator Santorum. At the initial scheduling conference in this matter, plaintiffs advised the Court that they would seek, through discovery, to identify this person and join her as a defendant. Counsel for Delaware State Police Sergeant Marc DiJiacomo also indicated an interest in identifying this person and joining her as a defendant.

More discovery was required to identify Jane Doe than plaintiffs had initially anticipated. It took until November 2006 for discovery to reveal that there were actually two Jane Does: Becky Barrett-Toomey and Ellen Melrose. Plaintiffs filed an Amended Complaint on December 15, 2006; summonses were served on Ms. Melrose and Ms. Toomey, respectively, on January 16, 2007 and January 19, 2007. Accordingly, their responses to the Amended Complaint are currently due no later than February 5, 2007 and February 8, 2007, respectively.

The Honorable Gregory M. Sleet
January 30, 2007
Page 2


   Mary Jo Miller, Esquire has communicated with plaintiffs' counsel on behalf of Ms. Toomey and Ms. Melrose.  We understand Ms. Miller is employed by a private institution (i.e., not a law firm) and is simply acting as a friend attempting to assist Ms. Toomey and Ms. Melrose in locating and retaining appropriate counsel.  Ms. Miller has represented to us that at the time of the events in question, Ms. Melrose and Ms. Toomey were acting as employees of a political consulting firm, and Ms. Miller is attempting to secure representation for them through that firm.  She has requested a 45-day extension of time for Ms. Toomey and Ms. Melrose to respond to the Amended Complaint and to permit these defendants to arrange representation and for retained counsel to familiarize themselves with the matter.

   While we wish to show customary courtesies to these defendants and their counsel, doing so in this instance does not comport with the Scheduling Order the Court entered in this matter last August.  We would not object to an adjustment in the entire schedule, which would necessarily include a change in the scheduled trial date, that would permit these defendants additional time to retain counsel.  If the Court would be amenable to adjusting the entire schedule, we would negotiate with these defendants, through Ms. Miller, a reasonable period of time to retain counsel and then seek a scheduling conference with the Court.  If the Court is not amenable to adjusting the entire schedule, then we believe we have no choice but to insist that these defendants respond to the Amended Complaint within the twenty (20) day period provided by Rule 12.

   I respectfully request the Court's guidance on this matter.

   Respectfully,

Norman M. Monhait (#1040)

NMM:mst

cc: Ralph K. Durstein III, Esquire (By electronic filing)
  Mary Jo Miller, Esquire (By electronic filing)
  Paul W. Kaufman, Esquire (By electronic filing)
  Gordon A. Einhorn, Esquire (By electronic filing)
  Mary Catherine Roper, Esquire (By electronic filing)