IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STACEY GALPERIN, MIRIAN, ROCEK,
HANNAH SHAFFER, and MARLENE
DEVONSHIRE, as the Natural Guardian
Of MD, a Minor,

        Plaintiffs,

       v.                        Civil Action No.:  06-cv-359

DELAWARE STATE POLICE SERGEANT    JURY TRIAL DEMANDED
MARK DIJIACOMO, BECKY BARRETT-
TOOMEY, and ELLEN MELORSE,

        Defendants.

## DEFENDANT, BECKY BARRETT-TOOMEY AND ELLEN MELROSES' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

    AND NOW**,** comes the Defendants, Becky Barrett-Toomey and Ellen Melrose, by and

through their attorney, Walter J. Nalducci, Esquire of Cutruzzula & Nalducci and avers the

following:

    1.    In response to the allegations contained in Paragraph 1 of Plaintiffs' Amended

Complaint, it is denied that Defendant, Becky Barrett-Toomey and Ellen Melrose conspired to

violate Plaintiffs' First Amendment civil rights to free speech, free assembly and to petition for

redress of grievances and who conspiracy resulted in the unconstitutional arrest of Plaintiffs

Stacey Galperin and Miriam Rocek.

    2.    In response to the allegations set forth in Paragraph 2 of  Plaintiffs' Amended

complaint, it is denied that Defendants conspired to expel Plaintiffs Galperin, Rocek, Shaffer and

MD from the site of a public book signing and discussion held by Unites States Senator Rick

Santorum solely because of Plaintiffs' political beliefs and the viewpoint of Plaintiffs' speech and without approval of the management of the Barnes and Noble bookstore where the event was to occur.

3.      In response to the allegations set forth in Paragraph 3 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

4.      In response to the allegations set forth in Paragraph 4 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

5.      In response to the allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

6.      In response to the allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

7.      In response to the allegations set forth in Paragraph 7 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

8.      In response to the allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

9.      In response to the allegations set forth in Paragraph 9 of Plaintiffs' Amended Complaint, said allegations are admitted.

10.      In response to the allegations set forth in Paragraph 10 of Plaintiffs' Amended Complaint, said allegations are admitted.

11.      In response to the allegations set forth in Paragraph 11 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

12.      In response to the allegations set forth in Paragraph 12 of Plaintiffs' Amended Complaint, said allegations are admitted.

13.      In response to the allegations set forth in Paragraph 13 of Plaintiffs' Amended Complaint, said allegations are admitted.

14.      In response to the allegations set forth in Paragraph 14 of Plaintiffs' Amended Complaint, said allegations are admitted.

15.      In response to the allegations set forth in Paragraph 15 of Plaintiffs' Amended Complaint, said allegations are admitted.

16.      In response to the allegations set forth in Paragraph 16 of Plaintiffs' Amended Complaint, said allegations are admitted.

17.     In response to the allegations set forth in Paragraph 17 of Plaintiffs' Amended Complaint, said allegations are admitted.

18.     In response to the allegations set forth in Paragraph 18 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

19.     In response to the allegations set forth in Paragraph 19 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

20.     In response to the allegations set forth in Paragraph 20 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

21.     In response to the allegations set forth in Paragraph 21 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

22.     In response to the allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

23.     In response to the allegations set froth in Paragraph 23 of Plaintiff's Amended Complaint, it is denied that Defendants, Becky Barrett-Toomey and Ellen Melrose were members of Senator Santorum's promotional team for the Event and overheard a portion of Plaintiffs' discussion and determined that Plaintiffs should be ejected form the event because of their political viewpoints were different from Senator Santorum's and because of a concern that they would publicly express disagreement with Senator Santorum.

24.     In response to the allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

25.     In response to the allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

26.     In response to the allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint, said allegations are admitted.

27.     In response to the allegations set forth in Paragraph 27 of Plaintiffs' Amended Complaint, said allegations are admitted.

28.     In response to the allegations set forth in Paragraph 28 of Plaintiffs' Amended Complaint, it is denied that Defendants Barrett-Toomey and Melrose discussed the attendance of Plaintiffs Galperin, Rocek, Shaffer and MD at the Event and jointly determined with Defendant DiJiacomo that he would eject Plaintiffs from the Store because of their political viewpoints and

because Plaintiffs "had an agenda" and were likely to express disagreement with Senator Santorum.

29.     In response to the allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint, it is denied that joint determination between Defendants Barrett-Toomey and Melrose, Defendant DiJiacomo approached Plaintiffs Galperin, Rocek, Shaffer and MD, ordered them to leave the preemies and told them that if they did not immediately leave they would be arrested for trespass.

30.     In response to the allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

31.     In response to the allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

32.     In response to the allegations set forth in Paragraph 32 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

33.     In response to the allegations set forth in Paragraph 33 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

34.    In response to the allegations set forth in Paragraph 34 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

35.    In response to the allegations set forth in Paragraph 35 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

36.    In response to the allegations set forth in Paragraph 36 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

37.    In response to the allegations set forth in Paragraph 37 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

38.    In response to the allegations set forth in Paragraph 38 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

39.    In response to the allegations set forth in Paragraph 39 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

40.     In response to the allegations set forth in Paragraph 40 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

41.     In response to the allegations set forth in Paragraph 41 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

42.     In response to the allegations set forth in Paragraph 42 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

43.     In response to the allegations set forth in Paragraph 43 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

44.     In response to the allegations set forth in Paragraph 44 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

45.     In response to the allegations set forth in Paragraph 45 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

46.     In response to the allegations set forth in Paragraph 46 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

47.     In response to the allegations set forth in Paragraph 47 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

48.     In response to the allegations set forth in Paragraph 48 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

49.     In response to the allegations set forth in Paragraph 49 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

50.     In response to the allegations set forth in Paragraph 50 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

51.    In response to the allegations set forth in Paragraph 51 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

52.    In response to the allegations set forth in Paragraph 52 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

53.    In response to the allegations set forth in Paragraph 53 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

54.    In response to the allegations set forth in Paragraph 54 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

55.    In response to the allegations set forth in Paragraph 55 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

56.     In response to the allegations set forth in Paragraph 56 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

57.     In response to the allegations set forth in Paragraph 57 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

58.     In response to the allegations set forth in Paragraph 58 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

59.     In response to the allegations set forth in Paragraph 59 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

60.     In response to the allegations set forth in Paragraph 60 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

61.     In response to the allegations set forth in Paragraph 61 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

62.     In response to the allegations set forth in Paragraph 62 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

63.     In response to the allegations set forth in Paragraph 63 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

64.     In response to the allegations set forth in Paragraph 64 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 63 of its Answer hereof.

65.     In response to the allegations set forth in Paragraph 65 of Plaintiffs' Amended Complaint, it is denied that Defendants Barrett-Toomey and Melrose acted jointly with Sergeant DiJiacomo in his deprivation of Plaintiffs' First Amendment right to freedom of speech.

66.     In response to the allegations set forth in Paragraph 66 of Plaintiffs' Amended Complaint, it is denied that Sergeant DiJiacomo's threats to arrest Plaintiffs and his actual arrest of Plaintiff Galperin and Rocek prevented Plaintiffs from exercising their right to speak freely and express themselves in a public forum.

67.     In response to the allegations set froth in Paragraph 67 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions violated Plaintiffs' clearly established rights.

68.     In response to the allegations set forth in Paragraph 68 of Plaintiffs' Amended Complaint, it is denied that Defendants, Barrett-Toomey, Melrose and DiJiacomo acted

intentionally to deprive Plaintiffs of their right to free speech and expression under the First

Amendment to the United States Constitution, or in wanton, reckless disregard of that right.

69.     In response to the allegations set forth in Paragraph 69 of Plaintiffs' Amended

Complaint, it is denied that Defendants' actions constituted an extreme departure from the

ordinary standard of care and evidenced a conscious indifference to Plaintiffs' constitutional

right to free speech and expression.

70.     In response to the allegations set forth in Paragraph 70 of Plaintiffs' Amended

Complaint, it is denied that Plaintiffs were harmed by the deprivation of their constitutional right

to free speech and expression by Defendants and are entitled to redress for that violation and for

the emotional damage done to them by Defendants' actions.

71.     In response to the allegations set forth in Paragraph 71 of Plaintiffs' Amended

Complaint, Defendants incorporate by reference Paragraphs 1 through 70 of its Answer hereof.

72.     In response to the allegations set forth in Paragraph 72 of Plaintiffs' Amended

Complaint, it is denied that Defendants Barrett-Toomey and Melrose acted jointly with Sergeant

DiJiacomo in his deprivation of Plaintiffs' First Amendment right peacefully to assemble.

73.     In response to the allegations set forth in Paragraph 73 of Plaintiffs' Amended

Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said

allegations are denied and strict proof of the same is demanded at the time of trial.

74.     In response to the allegations set forth in Paragraph 74 of Plaintiffs' Amended

Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said

allegations are denied and strict proof of the same is demanded at the time of trial.

75.     In response to the allegations set forth in Paragraph 75 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

76.     In response to the allegations set forth in Paragraph 76 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

77.     In response to the allegations set forth in Paragraph 77 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions violated the clearly established rights of Galperin, Rocek, Shaffer, and MD.

78.     In response to the allegations set forth in Paragraph 78 of Plaintiffs' Amended Complaint, it is denied that Defendants acted intentionally to deprive Plaintiffs of their right peacefully to assemble under the First Amendment to the United States Constitution, or in wanton, reckless disregard of that right.

79.     In response to the allegations set forth in Paragraph 79 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a conscious indifference to Plaintiffs constitutional right peaceably to assemble.

80.     In response to the allegations set froth in Paragraph 80 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs were harmed by the deprivation of their constitutional right peacefully to assemble by Defendants and are entitled to redress for that violation and for the emotional damage done to them by Defendants' actions.

81.    In response to the allegations set forth in Paragraph 81 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 80 of its Answer hereof.

82.    In response to the allegations set forth in Paragraph 82 of Plaintiffs' Amended Complaint, it is denied that Defendants, Barrett-Toomey and Melrose acted jointly with Sergeant DiJiacomo in his deprivation of Plaintiffs' First Amendment right to petition for redress of grievances.

83.    In response to the allegations set forth in Paragraph 83 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

84.    In response to the allegations set forth in Paragraph 84 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

85.    In response to the allegations set forth in Paragraph 85 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

86.    In response to the allegations set forth in Paragraph 86 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions violated Plaintiffs' clearly established rights.

87.    In response to the allegations set forth in Paragraph 87 of Plaintiffs' Amended Complaint, it is denied that Defendants acted intentionally to deprive Plaintiffs of their right to

petition for redress of grievances under the First Amendment to the United State Constitution, or in wonton, reckless disregard of that right.

88.     In response to the allegations set forth in Paragraph 88 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a conscious indifference to Plaintiffs' constitutional right to petition for redress of grievances.

89.     In response to the allegations set forth in Paragraph 89 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs were harmed by the deprivation of their constitutional right to petition for redress of grievances by Defendants and are entitled to redress for that violation and for the emotional damage done to them by Defendants' actions.

90.     In response to the allegations set forth in Paragraph 90 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 89 of its Answer hereof.

91.     In response to the allegations set forth in Paragraph 91 of Plaintiffs' Amended Complaint, Defendants acted jointly with Sergeant DiJiacomo in his deprivation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizure.

92.     In response to the allegations set forth in Paragraph 92 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial

93.     In response to the allegations set forth in Paragraph 93 of Plaintiffs' Amended Complaint, it is denied that Sergeant DiJiacomo ordered Plaintiffs to leave the Store solely upon his own volition and that of Defendants Barrett-Toomey and Melrose.

94.     In response to the allegations set forth in Paragraph 94 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

95.     In response to the allegations set forth in Paragraph 95 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs failure to leave the Store, where they had the constitutional right to remain, was reasonable foreseeable to Defendants.

96.     In response to the allegations set forth in Paragraph 96 of Plaintiffs' Amended Complaint, it is denied that Defendant DiJiacomo's arrest of Plaintiffs when they failed to leave the Store was reasonably foreseeable to Defendants and was an action in the furtherance of the conspiracy to deprive Plaintiffs Galperin and Rocek of their rights under the First and Fourth Amendments to the United States Constitution.

97.     In response to the allegations set forth in Paragraph 97 of Plaintiffs' Amended Complaint, it is denied that Defendant DiJiacomo's arrest of Plaintiffs Galperin and Rocek without probable cause violated their right under the Fourth Amendment to the United States Constitution to be free from an unreasonable, warrantless seizure of their persons.

98.     In response to the allegations set forth in Paragraph 98 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions violated Plaintiffs' clearly established rights.

99.     In response to the allegations set forth in Paragraph 99 of Plaintiffs' Amended Complaint, it is denied that Defendant DiJiacomo acted intentionally to deprive Plaintiff Galperin and Rocek of their constitutional rights under the Four Amended to the United States Constitution, or in wanton, reckless disregard of those rights.

100.    In response to the allegations set forth in Paragraph 100 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a conscious indifference to the constitutional rights under the Fourth Amendment of Plaintiffs Galperin and Rocek.

101.    In response to the allegations set forth in Paragraph 101 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs Galperin and Rocek were harmed by the deprivation of their constitutional rights by Defendants and are entitled to redress for that violation and for the emotional damage done to them by Defendants' actions.

102.    In response to the allegations set forth in Paragraph 102 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 101 of its Answer hereof.

103.    In response to the allegations set forth in Paragraph 103 of Plaintiffs' Amended Complaint, it is denied that Defendants, and perhaps other individuals acting in concert therewith, entered into a combination, agreement, or understanding to violate Plaintiffs' constitutional rights under the First and Fourth Amendments by using the apparent authority of Defendant DiJiacomo to threaten Plaintiffs with arrest, eject them from the Store, and arrest Plaintiffs Galperin and Rocek, solely because of their political views and without probable cause.

104.    In response to the allegations set forth in Paragraph 104 of Plaintiffs' Amended Complaint, it is denied that Defendants each acted in furtherance of said agreement, combination or understanding, by, *inter alia*, discussing the Plaintiffs and deciding to eject them from the Store, threatening Plaintiffs with arrest and arresting Plaintiffs Galperin and Rocek.

105.    In response to the allegations set forth in Paragraph 105 of Plaintiffs' Amended Complaint, it is denied that the aforementioned conspiracy violated 42 U.S.C. § 1983.

106.     In response to the allegations set forth in Paragraph 106 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions violated Plaintiffs' clearly established rights.

107.     In response to the allegations set forth in Paragraph 107 of Plaintiffs' Amended Complaint, it is denied that Defendants acted intentionally to deprive Plaintiffs of their constitutional rights under the First and Fourth Amendments to the United States Constitution, or in wanton, reckless disregard of those rights.

108.     In response to the allegation set forth in Paragraph 108 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a conscious indifference to Plaintiffs' constitutional rights under the First and Four Amendments to the United States Constitution.

109.     In response to the allegations set forth in Paragraph 109 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs were harmed by the deprivation of their constitutional rights by Defendants and are entitled to redress for that violation and for the emotional damage done to them by Defendants' actions.

110.     In response to the allegations set forth in Paragraph 110 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 109 of its Answer hereof.

111.     In response to the allegations set forth in Paragraph 111 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial

112.     In response to the allegations set forth in Paragraph 112 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient

information to form a belief as to the truth or falsity of said allegations and therefore said

allegations are denied and strict proof of the same is demanded at the time of trial.

113.    In response to the allegations set forth in Paragraph 113 of Plaintiffs' Amended

Complaint, it is denied that Defendants' actions constituted an extreme departure from the

ordinary standard of care and evidenced a wanton disregard of conscious indifference to

Plaintiffs' right to be free from unlawful arrest and imprisonment.

114.    In response to the allegations set forth in Paragraph 114 of Plaintiffs' Amended

Complaint, it is denied that Plaintiffs Galperin and Rocek were harmed by the unlawful detention

by Defendants and are entitled to redress for that violation and for the harm done to them by

Defendants' actions.

115.    In response to the allegations set forth in Paragraph 115 of Plaintiffs' Amended

Complaint, Defendants incorporate by reference Paragraphs 1 through 114 of its Answer hereof.

116.    In response to the allegations set forth in Paragraph 116 of Plaintiffs' Amended

Complaint, it is denied that Defendants violated Plaintiff Galperin and Rocek's rights under

Article I, Section 6 of the Delaware Constitution.

117.    In response to the allegations set forth in Paragraph 117 of Plaintiffs' Amended

Complaint, it is denied that Defendants' actions constituted an extreme departure from the

ordinary standard of care and evidenced a wanton disregard or conscious indifference to

Plaintiffs' right to be free from unreasonable seizure.

118.    In response to the allegations set forth in Paragraph 118 of Plaintiffs' Amended

Complaint, it is denied that Plaintiffs Galperin and Rocek were harmed by this unlawful

detention by Defendants and, pursuant to Article I, Section 9 of the Delaware Constitution, are

entitled to redress for that violation and for the harm done to them by Defendants' actions.

{D0086648.1 }

119.    In response to the allegations set forth in Paragraph 119 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 118 of its Answer hereof.

120.    In response to the allegations set forth in Paragraph 120 of Plaintiffs' Amended Complaint, it is averred that after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth or falsity of said allegations and therefore said allegations are denied and strict proof of the same is demanded at the time of trial.

121.    In response to the allegations set forth in Paragraph 121 of Plaintiffs' Amended Complaint, it is denied that Defendants violated the rights of Plaintiffs under Article I, Section 16 of the Delaware Constitution to assemble in an orderly manner.

122.    In response to the allegations set forth in Paragraph 122 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton disregard or conscious indifference to the right of Plaintiffs to assemble.

123.    In response to the allegations set forth in Paragraph 123 of Plaintiffs' Amended Complaint, it is denied that Plaintiffs were harmed by this unlawful detention by Defendants and, pursuant to Article I, Section 9 of the Delaware Constitution, are entitled to redress for that violation and for the harm done to them by Defendants' actions.

124.    In response to the allegations set forth in Paragraph 124 of Plaintiffs' Amended Complaint, Defendants incorporate by reference Paragraphs 1 through 123 of its Answer hereof.

125.    In response to the allegations set forth in Paragraph 125 of Plaintiffs' Amended Complaint, it is denied that Defendants violated Plaintiffs' rights under Article I, Section 16 of the Delaware Constitution to apply for redress of grievances.

126.     In response to the allegations set forth in Paragraph 126 of Plaintiffs' Amended Complaint, it is denied that Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton disregard or conscious indifference to Plaintiffs' right to apply for redress of grievances.

127.     In response to the allegations set forth in Paragraph 127 of Plaintiffs' Amended Complaint, it is denied that Plaintiff were harmed by the unlawful detention by Defendants and, pursuant to Article I, Section 9 of the Delaware Constitution, are entitled to redress for that violation and for the harm done to them by Defendants' actions.

WHEREFORE, Defendants request judgment in their favor

CAMPBELL & LEVINE                        CUTRUZZULA & NALDUCCI


By:     /S/ Kathleen Campbell Davis          By:     /S/ Walter J. Nalducci
        Kathleen Campbell Davis                      Walter J. Nalducci, Esquire
        (No. 4229)                                   (Appearing Pro Hac Vice)
        800 N. King Street, Suite 300               3300 Grant Building
        Wilmington, DE  19801                        Pittsburgh, PA  15219
        (302) 426-1900                               (412) 391-4040
        (302) 426-9947  FAX                          (412) 471-2650 FAX

**AFFIDAVIT**

CO:M:MONWEAL TH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

BEFORE ME, the undersigned authority, personally appeared

Ellen Melrose                                who, being first duly

sworn according to law, deposes and says that the facts set forth in the foregoing

Amended Complaint            are true and correct to the best of his/her

knowledge, information and belief.

*Ellen Melrose*

SWORN TO J\ND S-.UBSCRIBED
before me this 23rd day
of May, 2007

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Pattie J. Krell, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Feb. 22, 2010
Member, Pennsylvania Association of Notaries

{D0086649.1 }

# AFFIDAVIT

COMM:ONWEAL TH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

BEFORE ME, the undersigned authority, personally appeared
Becky Barrett Toomey                          who, being first duly
sworn according to law, deposes and says that the facts set forth in the foregoing
Amended Complaint                      are true and correct to the best of his/her
knowledge, information and belief.

*Becky Barrett*

SWORN TO AND s..UBSCRIBED
before me this 23rd day
of May, 2007

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Pattie J. Krell, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Feb. 22, 2010
Member, Pennsylvania Association of Notaries

{D0086649.1 }

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STACEY GALPERIN, MIRIAN, ROCEK,
HANNAH SHAFFER, and MARLENE
DEVONSHIRE, as the Natural Guardian
Of MD, a Minor,

        Plaintiffs,

     v.                           Civil Action No.:  06-cv-359

DELAWARE STATE POLICE SERGEANT     JURY TRIAL DEMANDED
MARK DIJIACOMO, BECKY BARRETT-
TOOMEY, and ELLEN MELORSE,

        Defendants.

## CERTIFICATE OF SERVICE

    I, Kathleen Campbell Davis, hereby certify that on May 23, 2007, Walter J. Nalducci,

Esquire served a true and correct copy of the foregoing *Defendants, Becky Barrett-Toomey and*

*Ellen Melroses' Answer to Plaintiffs' Amended Complaint*, upon the following by United States

Mail, postage pre-paid:

| | |
|---|---|
| Ralph K. Durstein III, Esquire<br>Deputy Attorney General<br>Carvel State Office Building<br>820 N. French St., 6th Floor<br>Wilmington, DE  19801 | Paul W. Kaufman, Esquire<br>Hangley Aronchick Segal & Pudlin<br>One Logan Square<br>18th & Cherry Streets<br>27th Floor<br>Philadelphia, PA 19103-6933 |

Date: May 23, 2007              /S/ Kathleen Campbell Davis
                            Kathleen Campbell Davis (DE #4229)

{D0086659.1 }