IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACEY GALPERIN, MIRIAM ROCEK, HANNAH SHAFFER, and MARLENE DEVONSHIRE, as the Natural Guardian of MD, a minor <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE STATE POLICE SERGEANT MARK DIJIACOMO, BECKY BARRETT-TOOMEY, and ELLEN MELROSE <br> Defendants. | Civil Action No.: 06-cv-359 (GMS) <br><br> JURY TRIAL DEMANDED |

## ORDER

AND NOW, this ___ day of December, 2007, after consideration of Plaintiffs' request for enforcement of the settlement agreement, the written submissions of the parties and the conference held by the Court on December 20, 2007, the Court makes the following findings:

1. On June 25, 2007, this Court, per the Hon. Gregory M. Sleet, entered a Stipulated Order of Dismissal of the Plaintiffs' claims against Defendant DiJiacomo, pursuant to which the parties were ordered to execute the obligations set forth in the Settlement Agreement signed by counsel on June 25, 2007, the terms of which were incorporated in the Court's order by reference.

2. Under the terms of the June 25, 2007 Order of Dismissal, the undersigned retained jurisdiction over the case until December 31, 2007, for purposes of enforcement of the Settlement Agreement.

      3.  The Settlement Agreement adopted by this Court imposed a number of obligations upon the parties and upon the Delaware State Police, who were represented in the negotiations by counsel for Defendant DiJiacomo.

      4.  The Delaware State Police was required to "adopt a written internal policy regarding treatment of protestors and others exercising their right to free expression, which policy shall be substantially in the form of the draft policy prepared by the Delaware State Police and attached [to the Settlement Agreement]." The draft policy, which was titled "DEMONSTRATIONS AND PROTESTORS: A GUIDE FOR LAW ENFORCEMENT OFFICERS," had previously been the subject of negotiation between the parties.

      5.  This draft policy, *inter alia*, would have instructed Delaware State Police personnel that persons invited onto private property are, under certain circumstances, protected from discrimination or retaliation on the basis of their beliefs. In particular, the draft policy provided:

> A private property owner may choose to *uniformly* prohibit all political activities on a business premises, thus establishing a "marketplace for goods and services, rather than a marketplace for ideas". … However, the owner cannot discriminate or selectively allow only certain speakers or political activities, while excluding others….
>
> A business owner who allows the public onto the premises may exclude individuals for cause, including exceeding the scope of permission to enter, but may not discriminate based on factors such as race, gender, age, national origin, or political opinions.

      6.  After the conclusion of the settlement and the dismissal of the case, the Delaware State Police adopted a policy titled "FIRST AMENDMENT RIGHT TO FREE SPEECH IN PUBLIC PLACES."

7. The adopted policy, as its name implies, does not instruct Delaware State Police personnel regarding free speech protections for persons invited onto private property.

8. Plaintiffs contend that in failing to adopt a policy that instructs Delaware State Police personnel regarding the free speech rights of persons invited onto private property, the Delaware State Police has failed to fulfill its obligations under the Settlement Agreement and the Court's June 25, 2007 Dismissal Order.

9. Plaintiffs ask this Court to find the Delaware State Police in violation of the Settlement Agreement and the Dismissal Order and to order the Delaware State Police to amend its policy to include the protections discussed in paragraph 5, *supra*.

10. The Delaware State Police contends that it has complied fully with the requirements of the Settlement Agreement and the Dismissal Order.

11. All parties and the Delaware State Police agree that there is no further evidence for the Court to consider on the issue of whether the Stat Police policy satisfies the requirements of the Settlement Agreement and Dismissal Order.

12. To establish civil contempt, the petitioning party must prove "(1) that a valid order of the court existed; (2) that defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)(citations omitted). Willfulness is not a necessary element of civil contempt; and, good faith is not a defense to civil contempt. *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 398-99 (3d Cir. 1994).

13. There is no question that the Dismissal Order is a valid order of the Court. The Court had original jurisdiction of the Plaintiffs' federal claims and supplemental jurisdiction over their state law claims.

14. There is likewise no question that the Delaware State Police had knowledge of the Order, as it was negotiated and entered with the consent of counsel for the State Police, who signed the Settlement Agreement as "Counsel for Defendant DiJiacomo and the Delaware State Police."

15. Having reviewed the Settlement Agreement, the draft policy and the policy as adopted, this Court concludes that the Delaware State Police has violated the Dismissal Order and the Settlement Agreement.

16. Although the Delaware State Police is not formally a party to this action, it has submitted to the jurisdiction of this Court through its participation in the Settlement Agreement. This Court has the power to enjoin "persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977). The enforcement of a settlement under the Court's continuing jurisdiction justifies the exercise of the Court's power. *In re Prudential Ins. Co. of America Sales Practices Litigation*, 319 F.3d 99, 104-05 (2002) (district court's continuing jurisdiction over settlement justified injunction against collateral state court litigation even if that litigation was not specifically prohibited by the settlement agreement).

**IT IS THEREFORE ORDERED, ADJUDGED** and **DECREED** as follows:

17. The Court finds that the Delaware State Police is in contempt of the June 25, 2007 Dismissal Order.

18. The Delaware State Police shall, within ten business days of the issuance of this Order, revise its free speech policy to instruct Delaware State Police personnel regarding the

rights of persons invited onto private property, in a manner consistent with the sections of the draft policy set forth in paragraph 5, *supra*.

  19. As sanction for the failure of the Delaware State Police to fulfill its obligations under the Settlement Agreement and Dismissal Order, this Court's jurisdiction over this case shall be extended until these contempt proceedings are completed and the contempt purged.

  20. Unless changed by further order of this Court, a hearing to address further sanctions shall be held before this Court on _____. Each party shall submit proposed findings of fact and conclusions of law with respect to the imposition of further sanctions only no later than five (5) days before the hearing.

            SO ORDERED:

            _____
            Mary Pat Thynge, U.S.M.J.